IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS SHARKEY, II,

                                        Petitioner,                    OPINION and ORDER

    v.
                                                                       24-cv-298-jdp
WARDEN EMMERICK,

                                        Respondent.

---

Petitioner Dennis Sharkey, II, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Sharkey is incarcerated at FCI Oxford and has a projected release date of May 1, 2025. Sharkey contends that he's entitled to earned-time credit under First Step Act (FSA) and relief under Second Chance Act that would, if received, result in immediate placement in prerelease custody. Sharkey concedes that he hasn't completed the Bureau of Prison's administrative remedy program, but he contends that I should excuse that failure.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because Sharkey hasn't exhausted administrative remedies or alleged an adequate basis to excuse that failure, I will dismiss the petition.

Courts usually require a prisoner to exhaust the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir. 1985). The BOP's administrative remedy

program allows prisoners to seek formal review of issues relating to any aspect of their confinement. 28 C.F.R. § 542.10(a). To start the process, the prisoner must file an informal complaint with BOP staff. 28 C.F.R. § 542.13(a). If the prisoner cannot informally resolve his complaint, he must file an administrative remedy request on a BP-9 form within 20 days after the incident at issue. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response, he may submit an appeal on a BP-10 form to the regional director within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the regional director's response, he may submit an appeal on a BP-11 form to the Office of the General Counsel within 30 days. *Id.* The prisoner must complete this process to exhaust the BOP's administrative remedy program. *See Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008). But I may excuse a failure to exhaust where: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Sharkey concedes that he didn't appeal the warden's denial of his administrative remedy request. Dkt. 1 at 2. The issue is whether Sharkey has alleged a basis to excuse his failure to complete the BOP's administrative remedy process.

Sharkey contends that requiring him to complete the process would prejudice him because of the time required. But Sharkey isn't projected to be released for another 11 months, and he has already completed two steps of the process. If Sharkey appeals the warden's decision, the regional director must respond within 30 days and, if further appeal is necessary, general counsel must respond within 40 days. 28 C.F.R. § 542.18; *see Teferi v. Keyes*,

No. 23-cv-159-jdp, 2023 WL 4930108, at *2 (W.D. Wis. Aug. 2, 2023) (no prejudice where petitioner could complete final two steps of BOP's administrative remedy process three months before projected release date). Sharkey says that the warden took around two months to respond to his administrative remedy request even though he was required to respond in 20 days. *See* Dkt. 1 at 2; 28 C.F.R. § 542.18. But the warden's alleged delay in responding doesn't guarantee further delay in the process. In any case, if Sharkey doesn't receive a response within the allotted time, and if the regional director or general counsel hasn't formally extended the time, he "may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Sharkey also alleges that it's "[h]ighly unlikely" that there will be bed space at a halfway house starting on August 5, 2024. Dkt. 1 at 2. But Sharkey's assertion is factually unsupported, and it's plausible that he could complete the process by then. Sharkey's allegations don't suggest that requiring him to complete the administrative remedy process would prejudice him due to the time required.

Sharkey contends that the BOP cannot resolve the issue or grant the requested relief because, in his view, it has improperly refused to apply FSA time credits to "countless inmates." Dkt. 1 at 2. Sharkey doesn't elaborate. This unsupported allegation doesn't suggest that the BOP cannot resolve Sharkey's issue or grant him relief.

Sharkey contends that exhaustion would be futile because the BOP is biased and has already determined the issue. *Id.* at 3. Sharkey bases this contention on his belief that the BOP has improperly denied him immediate release to prerelease custody. But the warden's failure to give Sharkey his preferred relief doesn't mean that the regional director or general counsel would reach the same conclusion. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to

3

find out is to try." (emphasis omitted)). Sharkey's vague allegations don't suggest that BOP officials are biased against him.

Sharkey contends that the petition raises substantial constitutional questions. Dkt. 1 at 3. Sharkey expresses a due process concern based on the BOP's failure to apply FSA time credit. Dkt. 1 at 3. But many FSA cases involve the BOP's alleged failure to apply time credit that a petitioner has earned; Sharkey hasn't identified any circumstances or considerations that would raise his general due process concern to a substantial constitutional question. The other issues Sharkey identifies seem to involve issues of statutory interpretation and don't pose an important constitutional issue.

In short, Sharkey hasn't exhausted administrative remedies or alleged an adequate basis to excuse his failure to complete that task. Consequently, I will dismiss the petition without prejudice for failure to exhaust administrative remedies. *Brown v. Ashcroft*, 41 F. App'x 873, 875 (7th Cir. 2002).


ORDER

IT IS ORDERED that:

1. Petitioner Dennis Sharkey, II's petition, Dkt. 1, is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk is directed to enter judgment accordingly and mail petitioner copies of this order and the judgment.

Entered June 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4