IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS SHARKEY, II,

                              Petitioner,

v.                                                             OPINION and ORDER

WARDEN EMMERICK,                                        24-cv-298-jdp

                              Respondent.

---

Petitioner Dennis Sharkey, II, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Sharkey contends that he's entitled to earned-time credit under the First Step Act (FSA) and relief under the Second Chance Act that would, if received, result in immediate placement in prerelease custody. Respondent contends that Sharkey's petition is moot because the Bureau of Prisons has scheduled his transfer to a halfway house on the earliest date that a bed will be available. Dkt. 15. I will deny the petition for that reason.

I begin with some background. Sharkey was sentenced in the Northern District of Iowa for a narcotics offense and was sentenced to 140 months in prison. Dkt. 16 ¶ 6. Sharkey is currently incarcerated at FCI Oxford and has a projected release date of May 1, 2025. *Id.* Sharkey's projected release date includes 365 days of earned-time credit under the FSA. Dkt. 15-1 at 2–3.

I ordered respondent to answer Sharkey's petition. Dkt. 8. Respondent supported his answer with the declaration of K. Murdock, who works for the BOP as a residential reentry manager in the Residential Reentry Management Branch, Central Sector Section (Central Branch). Dkt. 16 ¶ 1. Murdock says that the Central Branch is responsible for

supervising contracts for community-based programs and securing bed space for federal offenders in halfway houses in Iowa, among other areas. *Id.* ¶ 2.

Under the Second Chance Act, the BOP is authorized to place prisoners in a halfway house for up to 12 months before the end of their term of imprisonment. *Pence v. Holinka*, No. 09-cv-489-slc, 2009 WL 3241874, at *1 (W.D. Wis. Sept. 29, 2009) (citing 18 U.S.C. § 3624(c)). Under the Second Chance Act, the BOP has the discretion "to decide whether and when an inmate should be placed at halfway house." *Id.* The FSA didn't modify the requirement that BOP, not the district court, makes the decision to place an inmate in a halfway house. *See Nathan v. Watson*, 2020 WL 979873, at *2 (S.D. Ind. Feb. 28, 2020); *see also United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) ("The [BOP] has plenary control over its inmates' placement.").

Respondent's evidence shows FCI Oxford staff assessed Sharkey for his prerelease needs and requested that he be placed in a halfway house starting on January 2, 2024. Dkt. 16 ¶ 11; Dkt. 15-3 at 2. Murdock says that FCI Oxford staff sent that referral to the Central Branch, which then contacted the halfway house in the Dubuque, Iowa area that Sharkey is scheduled to be released to. Dkt. 16 ¶ 12. Murdock also says that the earliest available date for bedspace at that halfway house was August 5, 2024. *Id.* Murdock explains that prisoners are usually placed in halfway houses in the jurisdictions where they were sentenced because that placement facilitates their transition from prison to the community by assisting them with job placement and treatment services. *Id.* ¶ 9.

Sharkey contends that the BOP should have placed him in a halfway house on January 22, 2024. Dkt. 1 at 2. But the BOP sought to place him in a halfway house earlier than that. Sharkey says that it is "highly unlikely" that there is no available bedspace at his designated

halfway house in Iowa, Dkt. 1 at 2, but respondent's evidence refutes that allegation. Alternatively, Sharkey asks for release to home confinement. *Id.* But Sharkey is scheduled to be released as "homeless" when his incarceration (including halfway house placement) ends. Dkt. 16 ¶ 11; Dkt. 15-2. So, the BOP properly declined to place him in home confinement. *See id.*; *see also Haley v. Bowers*, No. 24-cv-10458, 2024 WL 3329071, at *3 n.3 (D. Mass. July 8, 2024) ("An inmate cannot be placed on home confinement without a verifiable release residence."). Because the BOP has given Sharkey all the relief that he is eligible for, I will deny his petition. *See Van v. Keyes*, 22-cv-379-wmc, Dkt. 12 at 3–4 (denying petition as moot where BOP had applied prisoner's FSA time credits and scheduled him for halfway house placement).

ORDER

IT IS ORDERED that:

1. Petitioner Dennis Sharkey, II's petition, Dkt. 1, is DENIED as moot.

2. The clerk is directed to enter judgment and mail petitioner copies of this order and the judgment.

Entered August 9, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge